United States District Court
Southern District of Texas
ENTERED
DEC 19 2003
Michael N. Milby, Clerk of Court
By Deputy Clerk

United States District Court
Southern District of Texas
FILED
DEC 16 2003
Michael N. Milby, Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| MICHAEL SCOTT ALCARAZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | MISCELLANEOUS NO. B-03-009 |
| v. | § | |
| | § | |
| TEXAS DEPARTMENT OF CRIMINAL JUSTICE, | § | |
| | § | |
| Defendant. | § | |

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is Defendant Texas Department of Criminal Justice's Motion to Dismiss (Docket No. 8). Therein, the Texas Department of Criminal Justice ("TDCJ") moves, pursuant to Rule 12(b)(1), to dismiss Plaintiff's 42 U.S.C. § 1983 action, in which Plaintiff claims he was denied medical attention after being injured while on a prison work detail. For the following reasons, it is recommended that Defendant's Motion to Dismiss be granted.

### BACKGROUND

On April 14, 2003, Michael Alcaraz, state prisoner #1141621, was working on a prison detail at a state park. Alcaraz's assignment involved the use of a chainsaw. After a freak accident, Alcaraz suffered an injury that in some way involved the chainsaw causing a laceration to his knee. According to Alcaraz, the medical treatment he received at the work site was inadequate. Alcaraz also asserts that once he returned to jail his injury continued to receive scant attention from prison officials and medical personnel. In fact, the next day he was required to return to work detail.

As a result of the above described events, Alcaraz filed the instant § 1983 civil action against the TDCJ, in which Plaintiff is proceeding both pro se and in forma pauperis. After being served, the TDCJ prepared a Rule 12(b)(1) Motion to Dismiss (Docket No. 8), which was filed September 15, 2003. To date, no response has been received from the Plaintiff.

1

## STANDARD

Motions filed under Rule 12(b)(1) of the Federal Rules of Civil Procedure allow a party to challenge the subject matter jurisdiction of the district court to hear a case. FED. R. CIV. P. 12(b)(1). The district court has the power to dismiss pursuant to Rule 12(b)(1) on any one of three separate bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996).

The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). Accordingly, the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist. *Id.* (citing *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980)). Ultimately, a motion to dismiss for lack of subject matter jurisdiction should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle plaintiff to relief. *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998).

## ANALYSIS

The only named defendant in this case is TDCJ. As noted earlier, the Defendant requests dismissal according to Rule 12(b)(1) because of lack of subject matter jurisdiction. The Defendant argues that the Eleventh Amendment is an explicit jurisdictional bar to Plaintiff's claim. For the reasons set out below, this Court agrees.

Decades of Supreme Court jurisprudence have defined the contours of Eleventh Amendment immunity, and, herein, there is no reason to attempt a comprehensive analysis. Under the current state of the law, the TDCJ is deemed an instrumentality of the state operating as its alter ego in carrying out a public function of the state, and is immune from suit under the Eleventh Amendment. *Aguilar v. Texas Dep't of Criminal Justice*, 160 F.3d 1052, 1054 (5th Cir. 1998); *Loya v. Texas Dep't of Corrections*, 878 F.2d 860, 861 (5th Cir.1989) (holding Texas Department of Corrections ("TDC"), predecessor of TDCJ, immune from suit under Eleventh Amendment); *Ruiz v. Estelle*, 679 F.2d 1115, 1136-37 & n. 75 (5th Cir.1982) (dismissing claims

against board of TDC since board was "merely an agency of the state"), *cert. denied*, 460 U.S. 1042, 103 S.Ct. 1438, 75 L.Ed.2d 795 (1983).

Absent waiver, this immunity applies regardless of the nature of the relief sought. *Puerto Rico Aqueduct and Sewer Authority v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 113 S.Ct. 684, 121 L.Ed.2d 605 (1993). There is no waiver of immunity in this case, therefore the Court lacks subject matter jurisdiction. *See Nickerson v. Texas*, 35 F.Supp.2d 512, 517 (E.D. Tex. 1998).

As previously noted, the burden is on the Plaintiff in this case to establish jurisdiction. *Ramming*, 281 F.3d at 161. Because Plaintiff has not responded to the Defendant's motion, he has failed to meet his burden. Furthermore, it is clear to this Court that –even if he had responded– Plaintiff could present no set of facts that would entitle him to relief. *See Home Builders Ass'n of Miss.*, 143 F.3d at 1010. The only Defendant in this case is TDCJ. Because TDCJ has not waived immunity, this Court lacks subject matter jurisdiction. *See Nickerson*, 35 F.Supp.2d at 517.

## RECOMMENDATION

For the reasons stated above, this Court RECOMMENDS that the Defendant's 12(b)(1) Motion to Dismiss for lack of subject matter jurisdiction be GRANTED. Accordingly, this Court is of the opinion that the Plaintiff's cause of action should be DISMISSED.

## NOTICE TO PARTIES

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon the grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusion accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

DONE at Brownsville, Texas this 16th day of December 2003.

Felix Recio
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| MICHAEL SCOTT ALCARAZ, | § § § | |
| Plaintiff, | § § | MISCELLANEOUS NO. B-03-009 |
| v. | § § | |
| TEXAS DEPARTMENT OF CRIMINAL JUSTICE, | § § § | |
| Defendant. | § | |

### ORDER ADOPTING THE MAGISTRATE JUDGE'S
### REPORT AND RECOMMENDATION

Before the Court is the Magistrate Judge's Report and Recommendation regarding the above-referenced cause of action. After a de novo review of the file:

1. The Magistrate Judge's Report and Recommendation is hereby ADOPTED; and
2. Defendant Texas Department of Criminal Justice's Motion to Dismiss (Docket No. 8) is hereby GRANTED.

As a result, the Plaintiff's cause of action is hereby DISMISSED.

IT IS SO ORDERED.

DONE in Brownsville, Texas on this _____ day of _____, 2003.

                                                                              Hilda Tagle
                                            United States District Judge